FILED
2019 JUL 18 AM 10: 0
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS

    Debtor.

Case No. 19-17428
(Chapter 13)

_____ /

## MOTION FOR DISQUALIFICATION OF COUNSEL

Gregory B. Myers ("Myers" or "Debtor"), *pro se*, (i) moves to disqualify and strike the appearance of Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC as counsel of record for Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust hereinafter sometimes referred to collectively as the "King Parties"), and (ii) moves to disqualify and strike the appearance of Offit Kurman, P.A. (including without limitation, Gregory Johnson, Frances Wilburn, and Eric Pelletier) as counsel of record for 6789 Goldsboro LLC, and in support, states as follows:

### BACKGROUND

1. On May 31, 2019, Myers filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland, Case No. 19-17428 (Doc. 1).

2. On June 4, 2019, the King Parties—through counsel Maurice VerStandig and The VerStandig Law Firm, LLC—filed a *Motion for Relief From the Automatic Stay to Allow Litigation to Continue – and Judgment to be Entered – in the Matter of King, et al. v. Serv Trust,*

*et al.* [Case No. 436977-V pending in the Circuit Court for Montgomery County, Maryland] (Doc. 5).[1]

3. On June 18, 2019, 6789 Goldsboro LLC— through counsel Eric Pelletier, Frances Wilburn and Offit Kurman, P.A.—filed a *Motion for Relief From the Automatic Stay to Allow Litigation to Continue – and Judgment to be Entered – in the Matter of King, et al. v. Serv Trust, et al.* [Case No. 436977-V pending in the Circuit Court for Montgomery County, Maryland] (Doc. 16).

4. On June 21, 2019, Myers filed *Debtor's Objection to Motion for Relief From the Automatic Stay to Allow Litigation to Continue – and Judgment to be Entered – in the Matter of King, et al. v. Serv Trust, et al.* [Case No. 436977-V pending in the Circuit Court for Montgomery County, Maryland] (Doc. 21).[2]

5. On July 8, 2019, Myers filed *Objection to 6789 Goldsboro LLC Motion for Relief From the Automatic Stay to Allow Litigation to Continue – and Judgment to be Entered – in the Matter of King, et al. v. Serv Trust, et al.* [Case No. 436977-V pending in the Circuit Court for Montgomery County, Maryland].[3]

### **6789 Goldsboro LLC**

6. Brian King, individually, owns 20% of 6789 Goldsboro LLC as a Class A Member.

7. Cristina King, individually, owns 20% of 6789 Goldsboro LLC as a Class A Member.

---

[1] Myers has no contractual or legal relationship with any of the King Parties and none of the King Parties have filed a claim in this case.
[2] The Court scheduled a hearing for July 18, 2019 on the King Parties' Motion for Relief from Stay (Doc. 5).
[3] The Court scheduled a hearing for July 18, 2019 on 6789 Goldsboro LLC's Motion for Relief from Stay (Doc. 16).

2

8. The Cristina and Brian King Children's Trust owns 10% of 6789 Goldsboro LLC as a Class A Member.

9. Serv Trust owns 50% of 6789 Goldsboro LLC as the sole Class B Member.

10. Brian King, individually, is the "Manager" of 6789 Goldsboro LLC.[4]

11. Brian King, individually, is the "Treasurer" of 6789 Goldsboro LLC.[5]

### The Montgomery County Circuit Court Litigation

12. On September 14, 2017, the King Parties—through counsel Maurice B. Verstandig, Esquire and The VerStandig Law Firm, LLC—filed a *Complaint for Declaratory Judgment* against Serv Trust in the Circuit Court for Montgomery County, Maryland, Case No. 436977V (the "King Case"). Myers was not a party to the King Case when it was filed on September 14, 2017.

13. On January 24, 2018, 6789 Goldsboro LLC—through counsel Maurice B. Verstandig, Esquire and The VerStandig Law Firm, LLC—filed a *Complaint* against Serv Trust in the Circuit Court for Garrett County, Maryland, Case No. C-11-CV-18-000018 (the "Goldsboro Case"). Myers was not a party to the Goldsboro Case when it was filed on January 24, 2018.

14. On July 20, 2018, the Circuit Court for Garrett County, Maryland entered an Order transferring the Goldsboro Case to the Circuit Court for Montgomery County, Maryland and the Circuit Court for Montgomery County, Maryland thereafter identified the Goldsboro Case as Case No. 451611V.[6]

---

[4] The First Amended and Restated Operating Agreement (the "Agreement") for 6789 Goldsboro LLC provides that "The **Manager** shall use commercially reasonable good faith efforts to, without limitation, obtain the Entitlements, ensure that the Property is properly maintained, and otherwise act in the best interests of the Company [and its Members]."

[5] The First Amended and Restated Operating Agreement (the "Agreement") for 6789 Goldsboro LLC provides that "The **Treasurer** shall use commercially reasonable good faith efforts to, without limitation, discharge its duties as set forth in this Agreement and act in the best interests of the Company [and its Members]."

[6] Myers advises the Court that Montgomery County Circuit Court Administrative Judge Greenberg

3

15. On October 17, 2018 (Doc. 72), Frances C. Wilburn, Esquire and Offit Kurman, P.A. ("Offit Kurman") entered their appearance as counsel for 6789 Goldsboro LLC.

16. On October 17, 2018 (Doc. 72), Maurice B. VerStandig, Esquire withdrew his appearance as counsel for 6789 Goldsboro LLC.

17. On or about January 10, 2019, 6789 Goldsboro LLC—through counsel Frances C. Wilburn, Esquire and Offit Kurman—filed an *Amended Complaint* in the Goldsboro Case (Case No. 451611-V), naming Myers as a Defendant for the first time in the Goldsboro Case.

18. On or about February 11, 2019, the King Parties—through counsel Maurice B. Verstandig, Esquire and The VerStandig Law Firm, LLC—filed a *First Amended Complaint for Declaratory Judgment* in the King Case (Case No. 436977-V), naming Myers as a Defendant for the first time in the King Case.[7]

### Numerous Conflicts of Interest [8]

19. Maurice VerStandig, Esquire and Offit Kurman, P.A. represented Gregory B. Myers, individually, in numerous legal matters dating back to 2010.

20. Maurice VerStandig, Esquire and Offit Kurman, P.A. represented 6789 Goldsboro LLC *prior* to the involvement of the King Parties in 6789 Goldsboro LLC. To wit, To wit, on May 16, 2013, Maurice VerStandig—while employed as an attorney at Offit Kurman—sent an email to Myers "**Re: Montgomery County Land Development Project**" which states:

---

orally ruling from the bench at a hearing held on May 30, 2019 (Doc. 149) that Case No. 436977-V styled *Brian King, et al., v. Serv Trust* and Case No. 451611-V styled *6789 Goldsboro, LLC v. Serv Trust, et al.* are two entirely separate and distinct cases and were consolidated for *administrative purposes only* (i.e., *not* for "all purposes").

[7] Myers has never been served with a complaint and summons in the King Case (Case No. 436977V) and no affidavit of service of summons on Gregory B. Myers has been filed in the King Case.

[8] This list is not meant to be exhaustive of all actual and potential conflicts of interest.

4

> Greg,
>
> Tomorrow is not going to work for scheduling reasons, but we would be delighted to meet at 2:00 Monday if you could come to Maple Lawn then.
>
> In the interim, I have given Bill the broadest of outlines of **what you are contemplating**, but he would appreciate it if you could send an email with a factual sketch - and any supporting docs (ie, old ordinances) - before the meeting.
>
> **Vis a vis charge, please bring with you a check for $1,500.00 to cover the meeting.**
>
> Thanks,
>
> Maurice "Mac" VerStandig
> Offit | Kurman
>     Attorneys At Law
>
> 4800 Montgomery Lane
> Suite 900
> Bethesda, Maryland 20814

(Emphasis supplied). A copy of the May 16, 2013 email is attached hereto as **Exhibit A**.

21. Maurice VerStandig, Esquire and Offit Kurman, P.A. represented Serv Trust in connection with 6789 Goldsboro LLC *prior* to the involvement of the King Parties in 6789 Goldsboro LLC.

22. Maurice VerStandig, Esquire and Offit Kurman, P.A. represented Gregory B. Myers in his capacity as a Trustee of Serv Trust in connection with 6789 Goldsboro LLC *prior* to the involvement of the King Parties in 6789 Goldsboro LLC.

23. Maurice VerStandig, Esquire and Offit Kurman, P.A. continued to represent 6789 Goldsboro LLC *after* the involvement of the King Parties in 6789 Goldsboro LLC. To wit, on July 22, 2013, Brian King executed an engagement letter with Offit Kurman, P.A. dated July 19, 2013—executed by Brian King on July 22, 2013—6789 Goldsboro LLC retained Offit Kurman, P.A. to provide legal services and advice to 6789 Goldsboro LLC (the "Engagement Letter").

Attached to the Engagement Letter is a "Fee Schedule" which lists Maurice B. Verstandig as one of the Offit Kurman attorneys that would be working on the 6789 Goldsboro LLC matter. Importantly, the Engagement Letter, *inter alia*, provides "Reasons for…termination may include, but are not limited to…**reasons mandated by the rules of professional conduct governing lawyers**… ." (Emphasis supplied). A copy of the Engagement letter is attached hereto as **Exhibit B**.

24. On or about October 30, 2014, David McRae, Esquire and Offit Kurman provided legal services and legal advice to Serv Trust and Gregory B. Myers in his capacity as a Trustee of Serv Trust with respect to the Promissory Note and other matters which are now the subject of the Goldsboro Case and the King Case.[9] A copy of the October 30, 2014 emails are attached hereto as **Exhibit C**. Further, David McRae and Offit Kurman represent Gregory B. Myers in his individual capacity with respect to the Guaranty Agreement and other matters which are now the subject of the Goldsboro Case. *Id*. Accordingly, Offit Kurman, P.A. cannot now represent 6789 Goldsboro LLC in a lawsuit against Serv Trust and Myers on the Promissory Note and Guaranty Agreement which Offit Kurman, P.A. previously advised/negotiated on behalf of Serv Trust and 6789 Goldsboro LLC. This is a clear violation of Rule 1.9 of the Maryland Lawyer's Rules of Professional Conduct.

25. Offit Kurman represents Brian King, individually.

26. Offit Kurman represents Cristina King, individually.

27. Offit Kurman represents the Cristina and Brian King Children's Trust.

28. Offit Kurman represents Brian King in his capacity as trustee of the Cristina and

---

[9] An engagement agreement is not necessary to establish an attorney client relationship; the giving of legal advice is sufficient to establish an attorney client relationship.

Brian King Children's Trust.

29. Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC represent Brian King, individually in the King Case, Case No. 436977-V.[10]

30. Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC represent Cristina King, individually, in the King Case, Case No. 436977-V.

31. Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC represent the Cristina and Brian King Children's Trust in the King Case, Case No. 436977-V.[11]

32. Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC represent 6789 Goldsboro LLC in the Goldsboro Case, Case No. 451611-V.

33. Frances C. Wilburn, Esquire and Offit Kurman represent 6789 Goldsboro LLC in the Goldsboro Case, Case No. 451611-V.

34. Maurice VerStandig, Esquire and Offit Kurman, P.A. represented Gregory B. Myers in the Maryland Court of Special Appeals in the case styled *Barbara Kelly v. Kristine Brown, et al.*, Case No. 1905, September Term, 2015 as recently as December 18, 2017 as confirmed by a letter from the Clerk of Court for the Maryland Court of Special Appeals dated

---

[10] *Arguendo*, the King Parties' newest assertion that Serv Trust is the alter ego of Myers constitutes a "directly adverse" representation such that the appearance of Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC must be stricken not only from this bankruptcy case, but also from the King Case, Case No. 436977-V, pending in Montgomery County Circuit Court.

[11] Timothy Lynch, Esquire—the "Managing Principal" of Offit Kurman—is a trustee of the Cristina and Brian King Children's Trust which owns 10% of 6789 Goldsboro LLC as a Class A Member.

December 18, 2017, a copy of which is attached hereto as Exhibit X.[12][13] This state of affairs was further confirmed by this Court on November 13, 2018 when this Court made factual findings and entered a ruling in Adversary Proceeding 17-00400 making reference to Maryland Court of Special Appeals Case No. 1905, September Term, 2015, *inter alia*, stating as follows:

> THE COURT: I'm setting forth reasons that I find that McNamee Hosea was not representing Mr. Myers in the Court of Special Appeals case [Case No. 1905, September Term, 2015].
>
> \*\*\*
>
> THE COURT: Six. The appearance of Maurice VerStandig was still reflected on the docket after McNamee Hosea's appearance was stricken. So if Mr. Myers contends that just merely a reflection on the docket that someone is representing you, then actually Mr. VerStandig also represented you and he could have taken some action during that period of time. I'm not saying that he did. I'm just saying that there was a reflection on the docket similar to what was reflected on the docket for McNamee Hosea, and therefore if Mr. VerStandig was still representing him—and he had entered an appearance and that appearance appears not to have been stricken. Therefore, any damage would certainly not be on McNamee Hosea because Mr. VerStandig could have filed something.

## ARGUMENT

35.  Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC have now appeared in this bankruptcy case as counsel to the King Parties, legal representation that is directly adverse to Myers.

---

[12] On the date (September 14, 2017) the King Parties—through counsel Maurice B. Verstandig, Esquire and The VerStandig Law Firm, LLC—filed a *Complaint for Declaratory Judgment* against Serv Trust in the Circuit Court for Montgomery County, Maryland, Case No. 436977V (the "King Case"), Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC were counsel of record for Gregory B. Myers in the Maryland Court of Special Appeals in the case styled *Barbara Kelly v. Kristine Brown, et al.*, Case No. 1905, September Term, 2015.

[13] On the date (January 24, 2018) 6789 Goldsboro LLC—through counsel Maurice B. Verstandig, Esquire and The VerStandig Law Firm, LLC—filed a *Complaint* against Serv Trust in the Circuit Court for Garrett County, Maryland, Case No. C-11-CV-18-000018 (the "Goldsboro Case"), Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC arguably were still counsel of record for Gregory B. Myers in the Maryland Court of Special Appeals in the case styled *Barbara Kelly, et al. v. Kristine Brown, et al.*, Case No. 1905, September Term, 2015.

8

36. At no time has Myers given consent—informed or otherwise—for Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC to represent the King Parties in this bankruptcy case.

37. Offit Kurman, P.A.—Mr. VerStandig's prior law firm—has now appeared in this bankruptcy case as counsel to 6789 Goldsboro LLC, legal representation that is directly adverse to Myers.

38. At no time has Myers given consent—informed or otherwise—for Offit Kurman, P.A. and its various attorneys to represent 6789 Goldsboro LLC in this bankruptcy case.

39. As the numerous conflicts identified above make clear, Maurice VerStandig, Esquire—either while an attorney with Offit Kurman, P.A. and/or The Verstandig Law Firm, LLC—has represented Myers (i.e., the Debtor) in various capacities and in numerous matters from approximately 2010 until as recently as 2018.[14]

40. Myers does not know what confidences of his—previously known only to Maurice VerStandig and Offit Kurman, P.A.—have been shared with parties adverse to Myers. Nor does the law require Myers to make inquiry into this subject, or to trust that no such confidences have been violated; rather the law demands, simply, that the appearance of Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC be stricken from this bankruptcy case.

41. Maurice VerStandig's legal representation of adverse parties in numerous, substantially related matters—without consent—constitutes multiple, actual conflicts of interest, and said legal representation is a direct and unambiguous violation of numerous of the Maryland

---

[14] Maurice VerStandig, Esquire and the The Verstandig Law Firm, LLC were representing Myers in the Maryland Court of Special Appeals Case No. 1905, September Term, 2015 at the same time Maurice B. Verstandig, Esquire and The VerStandig Law Firm, LLC filed the King Case and the Goldsboro Case. Stated differently, Myers cannot be made to litigate against his own counsel.

Lawyer's Rules of Professional Conduct.

    42.    Rule 1.9 of the Maryland Lawyer's Rules of Professional Conduct states as follows:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a **substantially related** matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a **substantially related** matter in which a firm with which the lawyer formerly was associated had previously represented a client
>
>> (1) whose interests are materially adverse to that person; and
>>
>> (2) from whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
>> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>>
>> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

(Emphasis supplied). Comment (3) to Rule 1.9 provides in pertinent part that "Matters are **'substantially related'** for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."

43.     On June 18, 2013, Timothy Lynch, the Managing Principal of Offit Kurman, P.A, sent an email to Myers and Brian King which states:

> Gents: I am making this email intro – though I have spoken with each of you about this matter. Greg, Brian can meet with you in Baltimore at his place. I can make my office in Baltimore available to you all as well. I do not need to be at your meeting. I will leave it to you all to work out the details of your meeting place and time. I am happy to be assistance to you all – but to the extent you need anything from me **but keep in mind that as you are both clients, I am in a position where I cannot advise either of you about the deal**. The most I could do is created documents with terms that you all have agreed to.
>
> Regards,
>
> Tim Lynch

(Emphasis supplied). A copy of the June 18, 2013 email is attached hereto as **Exhibit D**.

44.     Rule 1.10 of the Maryland Lawyer's Rules of Professional Conduct makes clear that the above referenced conflicts are fully imputed to the whole Offit Kurman, P.A. law firm (i.e., all of its attorneys). Likewise for The VerStandig Law Firm, LLC.

45.     Furthermore, the law is clear that when one firm works with another firm on a given case—in a manner analogous to the "fruit of the poisonous tree" doctrine—the conflicts of each firm are imputed to the other. Here, there is no question that Offit Kurman, P.A. and Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC are working together as Frances Wilburn, Esquire and Offit Kurman, P.A. routinely sign pleadings for Maurice VerStandig, Esquire and The VerStandig Law Firm, LLC. Attached hereto as **Exhibit E** is the King Parties' Motion for Partial Summary Judgment and Request for a Hearing *purportedly* filed by Maurice VerStandig, Esquire in the King Case (Case No. 436977-V) in which Frances Wilburn, Esquire of Offit Kurman, P.A. signed Maurice VerStandig's name to said Motion (i.e., initials "fw" after the signature). Attached hereto as **Exhibit F** is the King Parties' Opposition to Defendant's [Serv

Trust's] Motion for Partial Summary Judgment and Request for a Hearing *purportedly* filed by Maurice VerStandig, Esquire in the King Case (Case No. 436977-V) in which Frances Wilburn, Esquire of Offit Kurman, P.A. signed Maurice VerStandig's name to said Motion (i.e., initials "fw" after the signature).

46. Rule 1.7(a)(2) of the of the Maryland Lawyer's Rules of Professional Conduct states that a conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

47. Importantly, Rule 1.7(b)(3) of the Maryland Lawyer's Rules of Professional Conduct states that such a conflict cannot be waived where the representation involves the assertion of a claim by one client against another client in the same litigation or other proceeding.

48. Maurice VerStandig's legal representation of Myers and other adverse parties in numerous, substantially related matters—without consent—undoubtedly provided Mr. VerStandig with access to detailed knowledge and comprehensive privileged information concerning Myers's personal and financial affairs that already has been used and/or will be used to the advantage of the King Parties and/or 6789 Goldsboro LLC and/or other adverse parties to the detriment of Myers. This is a clear violation of Rule 1.9 of the Maryland Lawyer's Rules of Professional Conduct as Maurice VerStandig, Esquire is now representing, without limitation, both the King Parties and 6789 Goldsboro LLC in claims against Myers in a "substantially related" matter.[15]

49. 6789 Goldsboro LLC possesses adverse claims, without limitation, against each of

---

[15] Notably, Maurice VerStandig, Esquire's simultaneous representation of 6789 Goldsboro LLC and each of the Class A Member of 6789 Goldsboro LLC (i.e., the King Parties) also represents a conflict of interest in violation of Rule 1.9 of the Maryland Lawyer's Rules of Professional Conduct.

the King Parties in their capacities as the Class A Members of 6789 Goldsboro LLC.[16] It is clearly in 6789 Goldsboro LLC's best interests to advance said claims against each of the Class A Members. However, the Maryland Lawyer's Rules of Professional Conduct Rules expressly prohibit Mr. VerStandig from doing so while representing both the King Parties and 6789 Goldsboro LLC. Further, Mr. VerStandig's representation of both the King Parties and 6789 Goldsboro LLC represents a conflict of interest that has not—and cannot—be waived pursuant to the Maryland Lawyer's Rules of Professional Conduct.

50.    6789 Goldsboro LLC possesses adverse claims, without limitation, against Brian King in his capacity as the "Manager" and "Treasurer" of 6789 Goldsboro LLC. It is clearly in 6789 Goldsboro LLC's best interests to advance the aforesaid claims against Mr. King. For example, on December 18, 2018, in the King Case (Case No. 436977-V), The Honorable Judge Albright ruled:

> And it seems to me that once it's clear that the King plaintiffs, that Mr. King has - is the Manager of the Company, the Managing Member of the Company, and that he has succeeded to that role because the Class A Members of which he's one appointed him to be that role, **there is a fiduciary duty at that point**. And his fiduciary duty extends not just as alleged to himself, his family, but also to the other half of the Company which is Serv Trust. And it seems to me that what's alleged here is that notwithstanding that fiduciary duty…that he intentionally kept the value of the property low in order to benefit himself and the other Class A Members. It seems to me that one could reasonably infer from that set of allegations that there was a confidential relationship, in other words that Serv [Trust] was expecting that Mr. King would act in its interest, because of course Mr. King was the Managing Member. And it seems to me that with that expectation, if in fact Mr. King intentionally or attempted to keep the value of the property low as alleged, **that that would amount to constructive fraud**.

---

[16] Numerous of these claims have been set forth in more detail in the pleadings filed in the Montgomery County litigation. Additionally, the Circuit for Montgomery County has denied the King Parties' motion to dismiss numerous of these claims.

13

(Emphasis supplied).

51. Maurice VerStandig's and Offit Kurman, P.A.'s (including without limitation, Gregory Johnson, Frances Wilburn, and Eric Pelletier) simultaneous representation of both the King Parties and 6789 Goldsboro LLC (at the direction of Brian King as the "Manager" of 6789 Goldsboro LLC) under these facts and circumstances is rife with direct conflicts of interest that have not—and cannot—be waived pursuant to the Maryland Lawyer's Rules of Professional Conduct.

WHEREFORE, for all the foregoing reasons, the Debtor respectfully requests (i) that the Court enter an Order disqualifying and striking the appearance of Maurice VerStandig and The VerStandig Law Firm, LLC as counsel of record for the King Parties in the instant case, and (ii) that the Court enter an Order disqualifying and striking the appearance of Offit Kurman, P.A. (including without limitation, Gregory Johnson, Frances Wilburn, and Eric Pelletier) as counsel of record for 6789 Goldsboro LLC in the instant case, and grant Debtor such other and further relief as the law requires.

## REQUEST FOR HEARING

The Debtor respectfully requests an evidentiary hearing on the instant Motion for Disqualification of Counsel.

RESPECTFULLY SUBMITTED on this 18th day of July, 2019.

                                                                                                                                                                                                                     /s/
                                                        Gregory B. Myers, *pro se*
                                                        700 Gulf Shore Blvd. N.
                                                        Naples, Florida 34102
                                                        (301) 325-2312
                                                        gregbmyers@verizon.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of July, 2019, a copy of the foregoing was electronically served via email to the following:

Nancy Spencer Grigsby
185 Admiral Cochrane Dr., Suite 240
Annapolis, MD 21401
*Trustee*

Maurice VerStandig
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
*Counsel for Cristina King and Brian King*

Frances C. Wilburn
Eric Pelletier
OFFIT KURMAN, PA
4800 Montgomery Lane, 9th Floor
Bethesda, Maryland 20814

Hugh M. Bernstein
United States Department of Justice
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201

_____
Gregory B. Myers, *pro se*